**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JANE DOE,**

        **Plaintiff,**

**-vs-**                                 **Case No. 6:05-cv-259-Orl-31DAB**

**EDWIN R. MANN, CITY OF ORLANDO,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **EMERGENCY MOTION TO AUTHORIZE VIDEOTAPING OF DEPOSITION [OF EDWIN MANN] (Doc. No. 58)**
>
> **FILED:** April 25, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff seeks to videotape the deposition of Defendant Edwin Mann, who is incarcerated in Florida State Prison and will most likely not be able to appear at trial. Mann was previously deposed while incarcerated and refused to answer many questions. The case had been abated pending exhaustion of Mann's appeals related to his criminal plea and sentencing; however, the case was reopened by Judge Presnell on February 27, 2006. *See* Doc. No. 55.

According to Plaintiff's counsel's representations at a hearing on the Motion, Mann's former criminal counsel, Mark Lubet, confirmed (in the last week prior to this hearing) that Mann's criminal appeals have been exhausted and the time for further appeals had expired. **Defendant Mann may**

**not refuse any longer to answer Plaintiff's questions based on any Fifth Amendment privilege.** A defendant who has been convicted and whose appeals have run loses his Fifth Amendment privilege and can be compelled to testify about the acts constituting the offense of conviction . *Reina v. United States,* 364 U.S. 507, 513 (1960); *Frank v. United States,* 347 F.2d 486, 491 (D.C. Cir. 1965) (defendant cannot be compelled to give self-accusatory testimony relating to matters involved in the conviction during the appeal).

Pursuant to the Federal Rules of Civil Procedure, leave of court may be given to depose a person confined in prison as long as it is relevant to the claim or defense and is not unreasonably cumulative, duplicative, or burdensome. FED. R. CIV. P. 26(b)(2) & 30(a)(2). The deposition may be recorded by videotape and the party taking the deposition shall bear the cost of the recording. Fed. R. Civ. P. 30(b)(2). Counsel for the Department of Corrections, who appeared at the hearing on the Motion held on April 26, 2006, stated that the Department was not opposed to the videotaping of the deposition, as long as the appropriate Court order is in place.

The Court finds in this instance that Plaintiff is entitled to videotape Defendant Mann's deposition, consistent with the rules and regulations of the Department of Corrections and the correctional institution.

**DONE** and **ORDERED** in Orlando, Florida on April 26, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties
Counsel for Department of Corrections