**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JANE DOE,**

    **Plaintiff,**

**-vs-**                **Case No. 6:05-cv-259-Orl-31DAB**

**EDWIN R. MANN, CITY OF ORLANDO,**
**and JOHN SMITH, unknown supervisor or**
**Supervisors at the Orlando Police**
**Department,**

    **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL APPEARANCE AT DEPOSITION BY ALAN GRIECO, PH.D. (Doc. No. 66)** |
| **FILED:** | **August 16, 2006** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED in part**. | |
| **MOTION:** | **MOTION FOR PROTECTIVE ORDER (Doc. No. 74)** |
| **FILED:** | **August 25, 2006** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED in part**. | |

Plaintiff, Jane Doe has filed a Complaint alleging violation of her Constitutional rights, intentional infliction of emotional distress, and negligent supervision of Defendant Mann, a juvenile

sex crimes detective employed by Defendant City of Orlando ("Orlando Police Department" or "OPD") arising from a sexual relationship between Plaintiff, as a 14 year old girl, and Defendant Mann.  Plaintiff seeks to compel the attendance of Dr. Alan Grieco, a licensed psychologist who testified on behalf of Defendant Mann's during the sentencing hearing of his criminal trial in November 2001.  Doc. No. 66.  Plaintiff contends that during Dr. Grieco's testimony, he testified to the same facts and issues which give rise to Plaintiff's claims in this case, and are highly relevant and critical to Plaintiff's claims.

On July 20, 2006, Plaintiff served Dr. Grieco with a subpoena duces tecum to testify in this case on September 22, 2006 at his office.  In response to the subpoena, Dr. Grieco advised Plaintiff's counsel via correspondence dated July 25, 2006, that he had no intention of honoring the subpoena unless Defendant Mann gave written approval for him to comply with the subpoena; Plaintiff filed this motion to compel Dr. Grieco's testimony.  The Court ordered Plaintiff to serve the Motion on Dr. Grieco.  Doc. No. 70.  The City of Orlando no objection to Dr. Grieco being deposed.  Doc. No. 73.

Dr. Grieco *pro se* filed a Motion for Protective Order stating that Defendant Mann had personally communicated to Dr. Grieco Mann's wish that his records not be shared without his written authorization and Dr. Grieco is bound by state ethics rules and codes to make every reasonable effort to afford his client the full protection of confidentiality afforded by Florida law.  Doc. No. 74 at 1. Dr. Grieco also seeks to have all papers in the case served on him at his current office address (not his residence) and keep his residence address out of Court filings.

If federal substantive law controls a civil case, federal common law also controls questions of privilege; if state substantive law controls, the applicable state law of privilege controls. Fed. R. Evid. 501. Plaintiff alleges violations of the United States Constitution and state law torts. Although a psychotherapist/patient privilege exists under Florida law (*see* Fla. Stat. § 90.503[1]), there is no such statutory privilege under federal law, although the Supreme Court has recognized a privilege protecting confidential communications between a psychotherapist and a patient. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996); *United States v. Romo*, 413 F.3d 1044 (9th Cir. 1005), *cert. denied* 126 S.Ct. 1638 (2006). However, the federal law of privilege applies a federal question case where the court is also hearing a state law claim pursuant to supplemental jurisdiction. *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992). The federal evidentiary psychotherapist-patient privilege can be waived. *Jaffee*, 518 U.S. 14 n.14.

The psychotherapist-patient privilege is waived if the patient uses the substance of his communication with the psychotherapist by calling the psychotherapist as a witness. *See In re Grand Jury Investigation*, 114 F. Supp.2d 1054, 1055 (D. Or. 2000) (psychotherapist of grand jury target would be compelled to testify where target waived privilege by using psychologist's diagnosis of post traumatic stress disorder during his defense at a prior court martial hearing); *see also Vanderbilt v. Town of Chilmark,* 174 F.R.D. 225, 227 (D. Mass. 1997) (recognizing that plaintiff would waive privilege if she used the privileged material as evidence herself).  Once a confidential communications, or a diagnosis based thereon, becomes disclosed at the privilege-holder's request, the basis for the privilege departs and cannot be recaptured; having opened his communications with

---

[1]Under Florida law, the psychotherapist/patient privilege can be waived by if the holder of the privilege, in this case Defendant Mann, "voluntarily discloses or makes the communication when he does not have a reasonable expectation of privacy or consents to disclosure of any significant part of the matter or communication." FLA. STAT. § 90.507.

his psychotherapist to a public forum the privilege-holder can no longer argue that they remain confidences. *See Grand Jury Investigation*, 114 F. Supp.2d at 1055. Thus, by presenting Dr. Grieco's testimony at the sentencing proceeding in his criminal prosecution, Defendant Mann has waived the psychotherapist/patient privilege as to those matters Dr. Grieco testified to at the sentencing proceeding.

In is **ORDERED** that Dr. Grieco appear for his deposition set for September 22, 2006 and testify to all matters that Dr. Grieco testified to at Defendant Mann's sentencing proceeding held in November 2001.

It is **ORDERED** that all papers concerning the discovery of materials or testimony from Dr. Grieco be served on him at his current office address of 2737 W. Fairbanks Avenue, Winter Park, Florida, and that his residential address be omitted from any Court filings and kept out of the public domain.

**DONE** and **ORDERED** in Orlando, Florida on September 14, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Defendant Edwin Mann
Dr. Alan Grieco
    2737 W. Fairbanks Ave.
    Winter Park, FL