## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JANE DOE,

                 Plaintiff,

-vs-                                        Case No.  6:05-cv-259-Orl-31DAB

EDWIN R. MANN, and CITY OF
ORLANDO,

                 Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **CITY OF ORLANDO'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 63)** |
| **FILED:** | **July 12, 2006** |

_____

      **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

       Plaintiff, Jane Doe has filed a Complaint alleging violation of her Constitutional rights,

intentional infliction of emotional distress, and negligent supervision of Defendant Mann, a juvenile

sex crimes detective employed by Defendant City of Orlando ("Orlando Police Department" or

"OPD") arising from a sexual relationship between Plaintiff, as a 14 year old girl, and Defendant

Mann.  The case was originally filed in state court, and Defendants removed it to this Court on

February 18, 2005.  Doc. No. 1.  Orlando Police Department filed a Motion to Dismiss Counts II, IV,

and V of the Amended Complaint[1] contending that it did not have the capacity to be sued (or served with process) as a separate legal entity and that the proper defendant was the City of Orlando.  Doc. No.  8.  Without waiting for a ruling on the Motion to Dismiss, the City of Orlando filed its Answer on February 28, 2005.[2]  Doc. No. 12.

On May 6, 2005, Judge Presnell denied OPD's Motion to Dismiss without prejudice for its failure to include a "brief or legal memorandum with citation of authorities in support of the relief requested" pursuant to Local Rule 3.01(a).  Doc. No. 32.  Judge Presnell granted OPD leave to re-file a motion to dismiss in accordance with Local Rule 3.01(a) by May 27, 2005, or within 21 days of the Order.  Doc. No. 32.  Instead, OPD filed a Motion for Judgment on the Pleadings for Plaintiff's failure to state a claim upon which relief can be granted.

### Applicable Standard for Judgment on the Pleadings

Federal district courts have applied a "fairly restrictive standard in ruling on motions for judgment on the pleadings." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 at 222 (2004).  To obtain a judgment on the pleadings, the moving party must clearly establish that no material issue of fact remains unresolved and that it is entitled to judgment as a matter of law. A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim upon which relief may be granted. *Mergens v. Druyfoos*, 166 F.3d 1114 (11th Cir. 1999).  "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach,* 250 F.3d 1299, 1300 (11th Cir. 2001) (citing *Mergens,* 166 F.3d at 1117).

---

[1]Originally filed in state court on February 7, 2005.  Doc. No. 8.

[2]The case was stayed on November 1, 2005 (Doc. No. 47) and reactivated on January 26, 2006.  Doc. No. 53.

A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *accord Tipton v. Bergrohr GMBH-Siegen,* 965 F.2d 994, 998 (11th Cir. 1992).

Under the standard of review for a motion to dismiss, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Harper v. Blockbuster Entertainment Corp.,* 139 F.3d 1385, 1387 (11th Cir. 1998). A trial court, in ruling on a motion to dismiss (or in this case, a motion for judgment on the pleadings), is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1947). In general, the plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. *Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996)[3].

Attachments to pleadings may be considered under Federal Rule of Civil Procedure 12(c) which contains a conversion provision stating: "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be

---

[3]According to the Eleventh Circuit, claims asserted pursuant to Section 1983 are subject to the "heightened pleading" standard as articulated in *Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir. 2003) ("In examining the factual allegations of the complaint, we must keep in mind the heightened pleading requirements for civil rights cases, especially those involving the defense of qualified immunity. . . . [T]he complaint must allege the relevant facts "with some specificity [and] more than mere conclusory notice pleading is required."), *cert. denied*, 541 U.S. 935 (2004); *Marsh v. Butler County,* 268 F.3d 1014, 1036 (11th Cir. 2001); *cf. Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 838 (heightened pleading in *Dalrymple* limited to decisions involving individual defendants). The heightened pleading standard appears inconsistent with the United States Supreme Court's opinion in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002) and other cases cited in Plaintiff's brief, such as *Leatherman v. Tarrant County Narcotics Intenlligence and Coordination Unit*, 507 U.S. 163 (1993). Given Plaintiff's allegations, the Court need not resolve this inconsistency.

given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 7(a) defines "pleadings" to include both the complaint and the answer, and Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."  If an attachment to a complaint or an answer is a written instrument, it is part of the pleadings and can be considered on a Rule 12(c) motion for judgment on the pleadings without the motion being converted to one for summary judgment. *Horsley v. Feldt,* 304 F.3d 1125, 1134-35 (11th Cir. 2002).  Under the "incorporation by reference" doctrine which also applies to Rule 12(c) motions, a document attached to a pleading may be considered by the court without converting the Rule 12(c) motion into one for summary judgment only if the attached document is: (1) central to a claim; and (2) undisputed in the sense that the authenticity of the document is not challenged. *Id.*

### Application to the Facts

Defendant OPD seeks judgment on the pleadings on Plaintiff's claims for civil rights violations (Count II) and negligent supervision (Count V)[4]. OPD contends Plaintiff has failed to plead sufficient facts to demonstrate that she was deprived of a constitutional right pursuant to a custom, practice, or policy of the City which Mann was acting under color when he allegedly abused her, which is an essential element of her claim under 42 U.S.C. § 1983.  OPD also contends that Plaintiff has failed to sufficiently plead that the sexual misconduct of Mann was done pursuant to an official policy or practice of OPD or that it took place "under color of state law," since the allegations of sexual misconduct with a minor child bear no relationship to the performance of Mann's official duties as a law-enforcement officer.  OPD further contends it is entitled to judgment on the pleadings

---

[4]OPD also sought judgment on the pleadings for Plaintiff's claim of intentional infliction of emotional distress but Plaintiff has withdrawn that claim against OPD; Plaintiff asserts Count IV solely against Defendant Mann. *See* Doc. No. 65-1 at 7-8.

for Plaintiff's claims of negligence because Plaintiff alleges intentional and malicious conduct.  OPD

seeks judgment on Plaintiff's claims for negligent hiring and retention and supervision because

Plaintiff has not alleged facts giving rise to a legal duty owed to Plaintiff, or that OPD was on notice

of the harmful propensities of Mann or that a background investigation would have placed OPD on

notice.  OPD also argues that the Amended Complaint failed to allege the essential elements of Mann

meeting Plaintiff as a result of his employment, a benefit accruing to OPD, or that Mann and Plaintiff

were in a place where each had the right to be when the alleged misconduct occurred.

Plaintiff responds that OPD is not entitled to judgment on the pleadings because the ultimate

facts are very much in dispute.  Plaintiff points to allegations in her Amended Complaint[5] that

Defendant Mann was acting in his capacity as law enforcement officer for the City of Orlando and

was within the course and scope of his employment and the City was deliberately indifferent in failing

to adequately screen, investigate, supervise or train Defendant Mann.

***Civil Rights Violation***

Under Eleventh Circuit case law, to prevail on a civil rights action under § 1983, a plaintiff

must show that he or she was deprived of a federal right by a person acting under color of state law.

*Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001) (citing *Almand v. DeKalb County,

Georgia,* 103 F.3d 1510, 1513 (11th Cir. 1997).  A person acts under color of state law when he acts

with authority possessed by virtue of his employment with the state. *Griffin*, 261 F.3d at 1303.  "'The

dispositive issue is whether the official was acting pursuant to the power he/she possessed by state

authority or acting only as a private individual.'"  *Id.* (quoting *Edwards v. Wallace Community*

---

[5]Plaintiff's allegations in the original Complaint were mooted by the filing of the Amended Complaint which is currently the operative pleading; therefore, only OPD's arguments as to the allegations of the Amended Complaint are relevant and will be considered.

*College,* 49 F.3d 1517, 1523 (11th Cir. 1995)).  A defendant in a § 1983 suit acts under color of law when he abuses the position given to him by the State. *Id.* (citing *United States v. Classic,* 313 U.S. 299, 326 (1941)).

The Eleventh Circuit "has previously recognized that under certain circumstances, a rape of a person by a state actor or official could violate the Constitution and serve as the basis for a suit under § 1983." *Id.* (citing *Almand v. DeKalb County, Ga.,* 103 F.3d 1510, 1513 (11th Cir. 1997)).  In *Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001)[6], the defendant city argued that it could not be liable for the city manager's rape of another employee because the city manager was not acting under state law at the time of the assault.  The Eleventh Circuit rejected such a blanket position, holding that "whether a government employee is acting under color of law is not always an easy call, and the color of law analysis inevitably requires that we engage in line drawing.  It is only through a process of 'sifting facts and weighing circumstances' that [the court] arrives at a correct determination. *Id.* (citing *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)).

Other courts, similarly to *Griffin*, have found that state employees were acting within the scope of their employment, even when the misconduct took place outside of official working hours and not on the premises of the public employment.  In *Hackett v. Fulton County School Dist.*, 238 F. Supp.2d 1330 (N.D. Ga. 2002), the district court held that a public school teacher acted under color of state law when his sexual misconduct with his student took place at teacher's house in the evening, and not on school grounds, and based on a bogus scholarship program which had no relationship to any legitimate school activity. *Id*. at 1356 (granting summary judgment on other grounds).  In denying a

---

[6]Although *Griffin* is clearly the controlling Eleventh Circuit case, it was not cited by the Defendants, although they cited a number of cases from other circuits.  Doc. No. 64 at 4-5.

motion to dismiss on grounds similar to those argued here, the Middle District of Florida has held that a sheriff's deputy was acting within the scope of his employment when he assaulted the victim at her residence following a traffic stop, where he was wearing his uniform and driving a marked police vehicle. *Johnson v. Cannon*, 947 F. Supp. 1567 (M.D. Fla. 1996) (Kovachevich, J.).

Other cases have similarly held that a state employee acts under color or law when he utilizes his authority to create the opportunity to facilitate a rape or sexual assault. *See Vang v. Toyed,* 944 F.2d 476, 479-80 (9th Cir. 1991) (employee of state employment agency acted under color of law when he raped women looking for employment while meeting with them under pretext of providing employment services). In *Rogers v. City of Little Rock, Arkansas*, 152 F.3d 790, 798 (1998), the Eighth Circuit held that a police officer acted under color of state law for purposes of § 1983 when, after making a traffic stop, he followed the woman home and raped her. The court looked at fact that the officer had stopped the woman for a broken tail light, threatened her with towing her vehicle when she was unable to produce proof of insurance, and remained in uniform during the events in question. *Id.*

In *Griffin*, the Eleventh Circuit cited a series of cases where the performance of a state actor's official duties "merely facilitated the meeting of or development of a relationship between the state actor and another person; and the state actor later, on his own time and wholly independent of his official duties, commits an assault or other constitutional tort against that person" and, in those circumstances, "the law is clear that the state actor is not acting under color of law." *Id.* at 1306-07 (citing *Roe v. Humke,* 128 F.3d 1213 (8th Cir. 1997) (although police officer met the student through his role as goodwill ambassador to school, no nexus existed between his official duties and molestation of student where the defendant molested the student at his farm, while he was off-duty,

in plain clothes, driving his personal car, and did not pretend to be engaged in any official activity); *Becerra v. Asher,* 105 F.3d 1042, 1047 (5th Cir. 1997) (although teacher had "first befriended and shown a special interest in" the victim at school, there was no nexus between official duties as teacher and sexual assault where teacher molested student off campus five months after student withdrew from school); *D.T. v. Independent School District*, 894 F.2d 1176, 1186-88 (10th Cir. 1990) (teacher was not acting under color of law when he molested students during summer vacation, while under no contractual obligation to school district, molestation took place at his home following a fund-raising activity for a basketball camp not affiliated with the school; and the events were the product of a private activity that the plaintiffs voluntarily and freely participated in as private individuals)).

Plaintiff alleges in the Amended Complaint that Defendant Mann was on duty and acting in his capacity as law enforcement officer for the City of Orlando when some of the misconduct took place and was within the course and scope of his employment at all material times.  Doc. No. 5 ¶¶ 4, 6, 13, 14, 22.  Plaintiff alleges that as a result of Mann's position as a police officer and sex-crimes investigator with OPD, Mann gained the trust of and initiated a sexual relationship with Plaintiff. Doc. No. 5 ¶ 10.  Plaintiff specifically alleges that "the sexual contact between Mann and Plaintiff occurred while Mann was on duty" and "frequently" in Mann's patrol car.  Doc. No. 5 ¶ 14.  She also alleges that, on other occasions, Mann transported Plaintiff in his patrol car to "sleazy hotels"[7]  for the purposes of having sexual relations.  *Id*.  Plaintiff alleges that Mann used his knowledge and experience from investigation into sex crimes against children to gain the confidence of Plaintiff. *Id*.

The City also argues that Plaintiff has failed to allege that it acted with "deliberate

---

[7]Implicit in the phrase "sleazy hotels" is an allegation that Mann would be aware of which hotels were likely to avoid police surveillance.

indifference" towards her, as is required by Supreme Court precedent. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Plaintiff points to her allegations in the Amended Complaint that the City was deliberately indifferent by placing Mann in the sex-crimes investigator position without adequate screening, techniques, proper investigation of his background, or providing any supervision or training given his past history, and that such deliberate indifference caused violation of Plaintiff's constitutional rights. Doc. No. 5 ¶ 19. Plaintiff alleges that Mann's investigation of child sex crimes brought back psychological issues involving his own child sexual abuse as a teenager, leading him to become a child predator and commit the sexual molestation of Plaintiff. *Id.* Significantly, at Mann's sentencing hearing in his state criminal trial, having heard all of the evidence in the criminal case, Circuit Court Judge John Adams stated: "I find it extraordinary that the Orlando Police Department, an otherwise fine agency, would assign someone with that past to be a sex crimes investigator. Never should have been. Never should have because he's too vulnerable to do that and OPD has some level of responsibility for that too. He never should have been exposed to that." Doc. No. 65-6 at 7-8.

Given the posture of the case, and particularly because Plaintiff's minor status at the time of the alleged misconduct impacts her understanding of Mann's authority or "official" role in dealing with her, Plaintiff allegations are sufficient at this stage to withstand Defendant's Motion for Judgment on the Pleadings.

***Negligent supervision claim***

The City moves for Judgment on the Pleadings on Plaintiff's claim for negligent supervision and hiring, contending that it is entitled to sovereign immunity under Florida Statute 768.28(9). There is no sovereign immunity barrier to stating a claim against a government entity for negligent retention

or supervision.  *Slonin v. City of West Palm Beach*, 896 So.2d 882 (Fla. 4th DCA 2005) (citing *Trianon Park Condominium Assoc. v. Hialeah,* 468 So.2d 912 (Fla. 1985)).

   To state a cause of action for negligent supervision or negligent hiring under Florida law Plaintiff must allege (1) the existence of a relationship giving rise to a legal duty to supervise; (2) negligent breach of that duty; (3) proximate causation of injury by virtue of the breach.  *See Roberson v. Duval County School Board*, 618 So.2d 360 (1st DCA 1993).  The primary distinction between a claim for negligent hiring and a claim for negligent supervision or retention depends on the time at which the employer has knowledge of the employee's unfitness.  *See Malicki v. Doe*, 814 So.2d 347, 362 (Fla. 2002).  A claim for negligent hiring arises when, before the time the employee is hired, the employer knew or should have known that the employee was unfit; liability for negligent supervision or retention occurs after employment begins, where the employer knows or should know of an employee's unfitness and fails to take further action such as "investigating, discharge or reassignment."  *Id.*

   Plaintiff has alleged in Amended Complaint that the City negligently placed Mann in the position of sex crimes investigator and trained him in the methods and psyche of sexual predators, when the City knew or should have known of Defendant Mann's own history of sexual abuse.  Doc. No. 5 ¶ 24; Doc. No. 65 at 8.  Plaintiff's allegations of negligent supervision are sufficient to withstand the City's Motion for Judgment on the Pleadings.  *See School Bd. of Orange County v. Coffey,* 524 So.2d 1052, 1053 (Fla. 5th DCA) (school board had duty to protect student from negligent supervision and retention of school teacher who sexually abused student), *rev. denied*, 534 So.2d 401 (Fla. 1988).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 5, 2006.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy