**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JANE DOE,**

              **Plaintiff,**

**-vs-**                                                                          **Case No. 6:05-cv-259-Orl-31DAB**

**EDWIN R. MANN ,**

              **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ATTORNEY'S FEES (Doc. No. 174)**
>
> **FILED:** **July 25, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

       Plaintiff Jane Doe ("Doe") sued Defendant Edwin Mann for civil rights violations (Count I) and intentional infliction of emotional distress (Count IV) arising from a sexual relationship between Doe, as a 14 year-old girl, and Mann, a sex crimes detective employed by the Orlando Police Department ("OPD")[1]. Initially, Mann file an answer to the Complaint (Doc. No. 25), but after refusing to answer questions at his deposition (following exhaustion of his criminal appeals) asserting

---

[1] Doe also asserted claims against the City of Orlando under 42 U.S.C. § 1983 (Count II) for violations of her federal constitutional rights and under Florida state law (Count V) for the negligent hiring, supervision and retention of Defendant Mann, as a detective employed by the Orlando Police Department. Judge Presnell granted summary judgment to the City on February 22, 2007. Doc. No. 151. Doe and the City settled those claims following the summary judgment.

his Fifth Amendment privilege against self-incrimination, Judge Presnell entered a default on liability against Mann under Rule 37 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. PRO. 37(b)(2)(C). Following an evidentiary hearing on damages and this Court's recommendation, Judge Presnell entered judgment for Plaintiff of $1,106,000 against Defendant Mann. Doc. No. 171.

Plaintiff, as prevailing party, now seeks attorney's fees of $131,790 pursuant to 42 U.S.C. § 1988. Defendant Mann has not filed a response although the time to respond has run. Based on the Court's analysis of the record and the evidence supplied by Plaintiff, it is respectfully **RECOMMENDED** that Plaintiff be awarded **$81,433.75** for attorney's fees pursuant to 42 U.S.C. § 1988(b).

## *ANALYSIS*

The American Rule provides that in the absence of legislation providing otherwise, each party must pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 244 (1975). Congress has provided limited exceptions to this rule, including 42 U.S.C. § 1988(b), which gives the court the discretion to allow a prevailing party, other than the United States, a reasonable attorney's fee in certain federal civil rights cases. 42 U.S.C. § 1988(b); *see American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F.Supp.2d 1301, 1309 (M.D. Fla. 2003). By virtue of the judgment for Plaintiff rendered on July 11, 2007, Plaintiff Jane Doe is the prevailing party; thus, Plaintiff is entitled to an award of reasonable attorney's fees.

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim,* 10 F.3d. 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart,* 461 U.S.

424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985)

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d 1292 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990). With respect to rates, an applicant may meet her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

The Court has reviewed the Motion for Attorney's Fees and the exhibits, as well as the applicable law and finds that although the hourly rates sought are reasonable, the hours sought contain entries for work done on Plaintiff's claims against the City, on which she was not the prevailing party, and such hours should be excluded from the total.

### *Reasonable Rate*

The Court has carefully considered the *Norman*/*Johnson* factors listed above, as well as the affidavits and evidence (Doc. Nos. 172-175) presented by the parties.  Additionally, the Court is "itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees."  *Norman*, 836 F.2d at 1303.  Based upon a review of the evidence, the Court determines that the hourly rates charged are reasonable as the prevailing market rates for similar services:  Joseph Flood, lead counsel, with 24 years experience – $250.00 an hour; and associate counsel, John Conner, and Donna M. Hansen, each with 3 years experience – $175.00 an hour.  This is consistent with the rates awarded previously in this district for similarly experienced counsel.  *See, e.g., American Charities*, 278 F.Supp.2d at 1311-12 (awarding rates of $250-275 for partner-level counsel with fourteen to twenty-three years experience and $190 for other attorney work in a Middle District of Florida civil rights case in June 2003).

### *The Amount of Hours*

Plaintiff's counsel claims 376.8 hours for time expended by lead counsel and 215.1 hours by associate counsel.  Under *Hensley*: "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." 461 U.S. at 434.  The Court, likewise must impose a "billing judgment" limit on the amount of time reasonably compensable in a particular case. Accordingly, a fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal. *See Gray v. Lockheed Aeronautical Systems Co.*, 125 F.3d 1387 (11th Cir. 1997).  Objections to time records must be specific and accompanied by an explanation supporting the challenge and, unless clearly non-compensable, all hours should be accepted.  Where a defendant has not disputed the plaintiff's computation of the amounts in the time records, the adjusted totals will be calculated simply by

-4-

subtracting from the plaintiff's total the amounts that are determined to be excludable. *See, e.g., American Charities*, 278 F.Supp.2d at 1314-15.

In this case, Doe unsuccessfully asserted civil rights and pendent state law claims against the City of Orlando for the negligent hiring, supervision and retention of Defendant Mann as a sex crimes detective employed by the Orlando Police Department. Judge Presnell granted summary judgment to the City on Plaintiff's claims on February 22, 2007. Doc. No. 151. Therefore, she was not the prevailing party on the claims against the City and, to the extent the time expended in support of those claims can be separated, it is not recoverable.

Time spent on claims against the City must be excluded particularly because Plaintiff obtained a default judgment against Mann, which necessitated very little motion practice aside from the motion to compel his testimony. Lead counsel's twenty-six pages of billing entries indicate that he has **not** excluded the time spent working on Plaintiff's claims against the City or time spent negotiating discovery with the City's attorneys; nor does his affidavit state anything about such exclusions. Doc. No. 173-2. Many of associate counsel's entries also include time properly charged to prosecution of the case against the City and not properly chargeable to Mann. *See* Doc. Nos. 174-2; 175-2. Although the Court undertook reductions based on a particularized analysis of the thirty-seven pages of billing entries, the total amount of hours ended up being reduced by roughly 40%, which is an appropriate reduction once work related to the claims against the City is excluded. *See* chart below.

In addition to entries where a reduction of time should be made for planning and taking the deposition of the City's corporate representative or expert, there are also non-recoverable entries relating to defending against the City's motions for judgment on the pleadings, or summary judgment

(on which the City prevailed), or preparing and deposing expert witnesses Drs. Chacko and Hilber[2] on the City or OPD's policies and supervision of Mann, which are not properly chargeable to the prosecution of Plaintiff's claims against Mann. Counsel also failed to exclude time spent preparing Plaintiff's unsuccessful motions to remand (Doc. No. 25) and motion to exclude the City's expert witness (Doc. No. 127).

On the other hand, Defendant Mann initially defended the claims against him and was not defaulted for his refusal to testify until late in the case – February 2007 (Doc. Nos. 152, 155); therefore, it is appropriate that Plaintiff recover for hours reasonably accrued in her counsel's full-scale preparation of Plaintiff's case against Mann. Such entries concern preparation and depositions of Plaintiff's expert and fact witnesses (Dr. McDaniel and Plaintiff's family members), which are recoverable. Similarly, entries for time spent deposing Mann's fellow OPD officers and investigators into the state criminal charges brought against Mann for his molestation of Plaintiff, and the psychiatrist who testified at Mann's state criminal sentencing, are recoverable.

When the entries related to Plaintiff's claims against the City are excluded, the Court finds a reasonable attorney's fees of **$81,433.75** should be awarded based on the following calculations:

---

[2] *See* Doc. No. 140 (Affidavits of Drs. Chacko and Hibler). Plaintiff's expert Dr. McDaniel testified as to Plaintiff's psychological injuries and damages due to Mann's conduct at the June 14, 2007. Doc. No. 166. All of the time relating to her preparation and testimony is recoverable.

| Attorney | Years of Experience | Hours Requested | Hours Awarded | Reasonable Rates | Total |
|---|---:|---:|---:|---:|---:|
| Joseph Flood[3] | 24 | 376.8 | 236.8 | 250.00 | 59,200.00 |
| John Conner[4] | 3 | 178.2 | 117.85 | 175.00 | 20,623.75 |
| Donna M. Hansen[5] | 3 | 36.9 | 9.2 | 175.00 | 1,610.00 |
|  |  | 591.9 | 363.85 |  | **$81,433.75** |

## *CONCLUSION*

It is respectfully **RECOMMENDED** that Plaintiff be awarded **$81,433.75** for attorney's fees pursuant to 42 U.S.C. § 1988(b).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 16, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] Most of Mr. Flood's time after May 2006 was discounted either because it dealt with deposing the City's corporate representative or Plaintiff's and the City's expert witnesses in support of Plaintiff's "pattern and policy" claims against the City (which she ultimately lost). Overall, Mr. Flood's time was reduced by approximately one-third of the overall total, from 376.8 hours to 236.8.

[4] In the absence of documentation that any legal work was accomplished during travel time, counsel's travel time of 16.9 hours was included at 50% of the billed time, or treated as 8.45 hours. *See See United States ex rel. Coughlin v. IBM Corp.* 992 F. Supp. 137, 144 (N.D. N.Y. 1998) (fifty percent reduction)

[5] Most of Ms. Hansen's hours were accrued in connection with the "pattern and policy" expert witnesses for Plaintiff's claims against the City.